UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
GERARD F. SCOTT :
: CASE NO. 1:11-CV-1657
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 23]
STACY PAINTER, et. al, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendants, the City of Bedford and numerous named and unnamed Bedford Police Officers, have moved to dismiss this case for lack of prosecution. The Plaintiff, Gerard Scott, has not filed an opposition.

Under Rule 41(b), a defendant may move to dismiss an action "if the plaintiff fails to prosecute or to comply with the[] rules or a court order." Fed. R. Civ. P. 41(b). This Court has rarely seen a case where the Plaintiff apparently cares so little about his own lawsuit.

First, Scott failed to attend the Court's case-management conference, notice of which was mailed to him and docketed nearly sixty days prior to the date of the conference. *See* [Doc. 10.] Scott did not notify the Court that he could not attend or request a different hearing date. Next, according to the Defendants, Scott has been completely unreachable and unresponsive to discovery requests. Scott has not provided the Defendants with any discovery and failed to attend his

-1-

Case No. 1:11-CV-1657
Gwin, J.

scheduled deposition. Finally, Scott failed to attend the April 10, 2012, Final Pretrial Conference which has been scheduled (with notice sent to Scott) since November 14, 2011. *See* [Doc. 15.] A jury trial in this matter is set for next week. *See id.*

The Court is aware that dismissal under Rule 41(b) is a severe sanction, particularly for a pro se plaintiff. However, Scott has given the Court no reason to believe that he ever intends to try (or even settle) his claims. Scott has wholly disregarded his discovery and pretrial responsibilities, has ignored this Court's schedule and orders, and has no regard for the time and expenses this case is imposing on the public and on the Defendants (who, incidentally, have faithfully attended each scheduled conference). The Court does not seek to punish Scott, but to proceed with this matter—where it has been months since the Plaintiff has communicated with the Court or with opposing counsel—would be both foolish and exceedingly prejudicial to the Defendants.

Accordingly, the Court **GRANTS** the Defendants' motion. This matter is dismissed pursuant to Rule 41(b).

IT IS SO ORDERED.

Dated: April 11, 2012      s/ *James S. Gwin*
                           JAMES S. GWIN
                           UNITED STATES DISTRICT JUDGE